IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BRANDON MICHAEL CRAWFORD, )
    Petitioner, )
     )
    v. )    Case No. 1:13-cv-773
     )
EDDIE L. PEARSON, )
*Warden, Greensville Correctional Center*, )
    Respondent. )
     )

## MEMORANDUM OPINION

At issue in this § 2254 habeas petition is whether petitioner, Brandon Michael Crawford, sentenced to life without parole for a capital murder he committed when he was seventeen, is entitled to an issuance of a writ where, as here, the state sentencing court did not consider his youth at the time it imposed the sentence, in violation of *Miller v. Alabama*, 132 S. Ct. 2455 (2012). Respondent does not contest that youth was not taken into account by the sentencing court, but argues that Crawford has not exhausted his state remedies.

For the reasons that follow, Crawford has no remedies remaining to be exhausted and because *Miller* is retroactive and applicable here, a writ must issue entitling Crawford to be resentenced so that his youth can be taken into account.

I.

Petitioner, Brandon Michael Crawford, challenges two life sentences imposed by the Prince William County Circuit Court on March 15, 2007 for the murder of Paul Domeszek. The record reflects that, on the morning of September 11, 2001, Crawford broke into Domeszek's apartment through a sliding glass door, finding Domaszek, who suffered from back problems, asleep on the floor of the apartment. While Domaszek was sleeping, Crawford murdered

1

Domaszek, stabbing him repeatedly and slitting his throat. Crawford did not have a previous relationship with Domeszek and the two did not know each other prior to the commission of the crime.

At the time his involvement in the Domaszek murder was discovered, Crawford was already serving a life sentence for the murder of Walter Otis on November 13, 2001. Crawford was charged with two counts of capital murder for the murder of Domaszek, one because the Otis and Domaszek murders were committed within three years of one another, and the second because the murder was committed during the commission of a robbery. Va. Code § 18.2-31. He was also charged with burglary. Va. Code § 18.2-91.

Following trial, the jury returned guilty verdicts on all three counts.[1] The trial judge excused the jury from sentencing because "[t]here is no discretion in sentencing for capital murder." Tr. 11/29/2006 at 24. The court said, and counsel agreed, that "[i]t would be a useless act to have them go in there and vote for something they have no discretion on." Tr. 11/29/2006 at 24.

A sentencing hearing lasting 20 minutes was held on March 15, 2007. With respect to the burglary, defense counsel told the judge "You have some discretion. Not a great deal." But with respect to the capital murder offense, defense counsel said "As you sentence Brandon Crawford to life in prison, as you must, I ask you to do so in a way that will try to give the Domaszeks some measure of peace, some measure of justice." Tr. 3/17/2006 at 12. The sentencing hearing focused almost exclusively on Crawford's mental health, with no reference made to Crawford's age. At sentencing, Crawford elected not to allocute and the court made no

---

[1] Crawford only challenges his sentences of life without parole for the two capital murder offenses. He does not challenge his 20 year burglary sentence, nor does he challenge his murder conviction in the Otis case.

findings with respect to youth when it imposed its sentences of life without the possibility of parole.

Crawford was sentenced in March 2007, prior to the Supreme Court's issuance of *Miller v. Alabama*, which held that imposing mandatory life imprisonment without the possibility of parole for juvenile offenders violates the Eighth Amendment. 132 S. Ct. at 465. Seizing on the holding in *Miller*, Crawford filed a petition for habeas relief. Respondent filed a motion to dismiss, which was granted on the ground that *Miller* had not yet been held by the Supreme Court to be retroactively applicable to cases on appeal. *See Crawford v. Pearson*, 1:13cv773 (E.D. Va. Mar. 9, 2015) (Order). The motion to dismiss was also based on binding Fourth Circuit precedent in effect at the time. *See Johnson v. Ponton*, 780 f.3d 219 (4th Cir. 2015) (holding that the rule in *Miller* was not retroactively applicable to cases on collateral review)

Crawford appealed the District Court's dismissal of his habeas petition to the Court of Appeals for the Fourth Circuit and, while that appeal was pending, the Supreme Court issued its decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), holding that "*Miller* announced a new substantive rule that is retroactive in cases on collateral review. *Id.* at 732. In response to *Montgomery*, the Fourth Circuit vacated the dismissal of Crawford's § 2254 petition and "remand[ed] for further proceedings in light of *Montgomery*." *Crawford v. Pearson*, No. 15-6498 (4th Cir. June 16, 2016).

Respondent correctly concedes that Crawford's sentence violates *Miller* and that he is entitled to some form of relief.[2] The only remaining issue is whether Crawford has exhausted his state remedies.

---

[2] Both *Miller* and *Montgomery* require that "a sentencer [] consider a juvenile offender's youth and attendant characteristics before determining that life without parole is a proportionate sentence." *Montgomery*, 136 S. Ct. at 734. As such, "[a] hearing where 'youth and its attendant characteristics' are considered as sententing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not." *Id*. at

3

**II.**

Federal habeas relief cannot be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). An applicant has not "exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Respondent argues that Crawford has two unexhausted state remedies. First, he argues that Crawford could seek a motion to vacate his sentence as *void ab initio* in the state court in which his sentences were issued. Second, he argues that petitioner could seek state habeas relief despite the running of the statute of limitations under one of Virginia's tolling doctrines. Both arguments fail.

The Supreme Court of Virginia in *Jones v. Commonwealth*, 293 Va. 29 (Va. 2017), closed the motion to vacate avenue for relief by holding that a *Miller* violation does not render a sentence *void ab initio* under Virginia law. Accordingly, in the words of the Supreme Court of Virginia

> "[i]n Virginia, a *Miller* violation can be addressed on direct review or in a habeas proceeding. Because the violation, if proven, does not render the sentence *void ab initio* but merely voidable, it cannot be addressed by a motion to vacate filed years after the sentence became final."

*Id.* at 54. In sum, contrary to respondent's argument, Crawford cannot use a state court motion to vacate to remedy his *Miller* violation.

The second state remedy – a state habeas corpus petition – is similarly unavailable. Crawford has not filed a state habeas petition presenting his claim because it would be untimely

---

735. The state court did not consider youth when it imposed life without parole on Crawford, because it believed "[t]here is no discretion in sentencing for capital murder." Tr. 11/29/2006 at 24. The record further establishes that the trial court did not find that Crawford was "incorrigible" or posed such a threat that a sentence of life without parole was justified.

under Virginia's applicable statute of limitations. Virginia law requires a state habeas petition in non-death cases to be filed "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code § 8.01-654(A)(2). Crawford was sentenced on March 15, 2007 and his petition for appeal to the Supreme Court of Virginia was refused on July 31, 2009. Thus, the statute of limitations on Crawford's state habeas rights expired on July 31, 2010, two years before the Supreme Court decided *Miller* and provided Crawford a means of challenging his sentences.

Respondent cites two cases for the proposition that Crawford can argue that the state statute of limitations for his habeas petition was tolled. Neither is persuasive. The first case, *Hicks v. Dir., Dep't of Corrections*, 768 S.E.2d 415, 418 (Va. 2015), held that Va. Code § 8.01-229(D)[3] tolled the statute of limitations for a petitioner's state habeas petition where it was alleged that the government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Section 8.01-229(D) is a general civil tolling provision that tolls the statute of limitations in cases where a defendant has obstructed a plaintiff's filing. There is no allegation or evidence in this case that the Commonwealth prevented Crawford from filing his petition in a timely manner. As such, the Virginia general civil tolling statute does not operate here to grant Crawford an opportunity to have his state habeas petition heard as the statute did for the petitioner in *Hicks*.

The second case cited by respondent – *Haas v. Lee*, 560 S.E.2d 256, 275 (Va. 2002) – is also unavailing to respondent. *Haas* held that a habeas petition was untimely even though it was

---

[3] Virginia Code § 8.01-229(D) provides in relevant part that the statute of limitations will be tolled "[w]hen the filing of an action is obstructed by a defendant's . . . (ii) using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought.

arguably timely as there was no statute of limitations at the time the petitioner had committed his crime. Prior to 1994, Virginia had no statute of limitations for the filing of a state habeas petition. Once Virginia enacted a statute of limitations for habeas relief in 1994, the General Assembly specified that the effective date of the statute was set for July 1, 1998. Haas filed his petition within two years of that date, but more than two years after his conviction. The Supreme Court of Virginia held that for petitioners in Haas's position, the statute of limitations under the new statute was one-year from the effective date because that was a "reasonable time" in which to file a petition. *Id.* at 277. Thus, *Haas* addressed an atypical situation, far removed from the situation in which Crawford now finds himself. Crawford's opportunity to submit a petition came long after the applicable limitations period was established. Respondent argues that this case shows it is possible that the state statute of limitations could be "tolled" under special circumstances, but respondent fails to explain why tolling would be warranted here. In short, *Haas* is inapposite.

In sum, although Crawford has not presented his *Miller* claim in state court, he is excused from doing so because his available state remedies have been exhausted or are unavailable pursuant to the requirements of 28 U.S.C. § 2254(b)(1)(A)-(B). There is no available state corrective procedure which Crawford can invoke to raise his *Miller* claim. The Supreme Court of Virginia's decision in *Jones v. Commonwealth*, precludes Crawford from moving to vacate his sentence as *void ab initio*, and a state habeas remedy is unavailable to Crawford because the state statute of limitations has expired and there is no applicable tolling exception. As such, Crawford is entitled to federal habeas relief.

Accordingly, Crawford's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be granted and his March 15, 2007 life sentences without the possibility of parole imposed

in the Prince William County Circuit Court must be vacated, and this matter must now be remanded to the Prince William County Circuit Court for resentencing in accordance with the Supreme Court's decisions in *Miller* and *Montgomery*.[4]

An order granting Crawford's § 2254 petition will follow.

T. S. Ellis, III
United States District Judge

---

[4] The majority opinion in *Montgomery* created some ambiguity as to the proper remedy for a *Miller* violation when it stated that "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery*, 136 S. Ct. at 736. As Justice Scalia pointed out in dissent, this may be a "not-so-subtle invitation" to state legislatures to pass laws permitting juvenile homicide offenders to be considered for parole. *Id.* at 744 (Scalia, J., dissenting). But it does not mean that "state and federal collateral-review tribunals" should not "prob[e] evidence of 'incorrigibility'" when evaluating the petitions of individuals sentenced to life imprisonment without parole for crimes committed as juveniles. Resentencing is the appropriate remedy where, as here, a person was sentenced to life without parole for a crime committed as a juvenile for the *Miller* violation, and it is the duty of courts to grant relief where warranted.

7